IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Richard Junior Frazier, | ) | |
| | ) | C.A. No. 8:20-2059-HMH-JDA |
| Petitioner, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Nanette Barnes, Warden Bennettsville | ) | |
| Federal Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Richard Junior Frazier ("Frazier"), a pro se

federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  In her Report and

Recommendation filed on June 11, 2020, Magistrate Judge Austin recommends dismissing

Frazier's petition without prejudice and without requiring the Respondent to file an answer or

return.

On June 20, 2001, Frazier was found guilty of kidnapping in violation of 18 U.S.C.

§ 1201(a)(1) after a jury trial in the United States District Court in the Northern District of

Georgia.  United States v. Frazier, No. 2:00-cr-00070-RWS-JRS-1 (N.D. Ga. June 20, 2001)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court
may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate
judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

(unpublished).  On August 10, 2001, the sentencing court sentenced Frazier to life imprisonment

pursuant to 18 U.S.C. § 3559(c), the federal three-strikes statute.  Id.  On October 15, 2004, the

Eleventh Circuit Court of Appeals affirmed Frazier's conviction.  United States v. Frazier, 387

F.3d 1244, 1273 (11th Cir. 2004).  Frazier filed a motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 on May 19, 2006.  Frazier, No. 2:00-cr-00070-RWS-

JRS-1.  The sentencing court denied Frazier's motion on May 30, 2006.  Id.  With authorization

from the Eleventh Circuit, Frazier filed a second § 2255 motion on June 27, 2016.  Id.  On June

3, 2019, the sentencing court granted Frazier's motion to withdraw his § 2255 motion.  Id.

On June 1, 2020, Frazier filed the instant motion pursuant to 28 U.S.C. § 2241, arguing

that his mandatory life sentence was unlawful because his crime of conviction, kidnapping in

violation of 18 U.S.C. § 1201(a)(1), is not a serious violent felony under 18 U.S.C. § 3559(c).

(§ 2241 Pet., ECF No. 1.)  The magistrate judge recommends dismissing Frazier's petition

without prejudice and without requiring the Respondent to file an answer or return for lack of

jurisdiction.  (R&R, ECF No. 10.)

Frazier filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation is

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984).  In the absence of specific objections to the Report and Recommendation of the

magistrate judge, this court is not required to give any explanation for adopting the

recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Frazier's objections are nonspecific, unrelated

to the dispositive portions of the Report, or merely restate his claims.  However, the court was

able to glean one specific objection.  Frazier objects to the magistrate judge's conclusion that

United States v. Gillis, 938 F.3d 1181 (11th Cir. 2019), and United States v. Walker, 934 F.3d

375 (4th Cir. 2019), provide no basis for relief and Frazier's kidnapping conviction qualifies as

a serious violent felony.  (Obj. 1-3, ECF No. 17.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner

can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence.  See

In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at

428.  To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence,

the petitioner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court
> established the legality of the sentence; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the aforementioned settled substantive law
> changed and was deemed to apply retroactively on collateral review; (3) the
> prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second
> or successive motions; and (4) due to this retroactive change, the sentence now
> presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.  If the petitioner cannot satisfy each prong of the savings clause test, the court lacks

subject matter jurisdiction to consider the petition.  Id. at 423.

Frazier argues that, although Gillis and Walker do not involve sentencing under the three

strikes law set forth in § 3559(c), the analysis in these cases is relevant and thus provides him

with a basis for relief.  (Id. at 1, ECF No. 17.)  However, Frazier is unable to satisfy the second

prong of the Wheeler test because he has failed to identify any binding precedent that changed

the substantive law and was deemed to apply retroactively on collateral review regarding his

sentencing.  Gillis found that kidnapping did not categorically qualify as a crime of violence

under 18 U.S.C. § 373, and Walker found that kidnapping did not categorically qualify as a

crime of violence under the force clause of 18 U.S.C. § 924(c).  See Gillis, 938 F.3d at 1210;

3

Walker, 934 F.3d at 379.  In contrast, Frazier was sentenced under § 3559, which specifically enumerates kidnapping as a serious violent felony for the purposes of that statute. § 3559(2)(F)(i).  The differences in these statutes is fatal to Frazier's petition because the analyses in Gillis and Walker are not binding on the instant matter and; did not change the substantive law with respect to Frazier's sentencing under § 3559(c).  Consequently, Frazier has failed to satisfy the savings clause test, and this court lacks jurisdiction.

Frazier also contends that his conviction does not qualify as a serious violent felony under § 3559 because the definition of kidnapping provided in § 3559(c)(2)(E) is different than the definition of kidnapping provided in § 1201(a)(1), the statute under which he was convicted. (Obj. 2-3, ECF No. 17.)  However, this argument also fails to satisfy the savings clause test for this court to have jurisdiction because it does not identify any change in the substantive law that was deemed to apply retroactively on collateral review.  Therefore, the court dismisses Frazier's petition without prejudice and without requiring the Respondent to file an answer or return.

4

It is therefore

**ORDERED** that Frazier's petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return. It is further

**ORDERED** that a certificate of appealability is denied because Frazier has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 8, 2020

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.